**Isac L. SMITH, Plaintiff,**

**v.**

**DETROIT EDISON COMPANY and Kenneth Barzo, jointly and severally, Defendants.**

Civ. A. No. 91–72946.

United States District Court, E.D. Michigan, S.D.

July 7, 1992.

Horace D. Cotton, Detroit, Mich., for plaintiff.

Robert J. Rogers, Detroit, Mich., for defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

Defendants filed their motion for summary judgment May 15, 1992. Plaintiff was granted leave to file a late response, and defendants filed a reply June 18, 1992. Oral argument was heard June 24, 1992. The court finds that defendants are entitled to summary judgment.

## BACKGROUND FACTS

Defendant Detroit Edison Company ("Edison") is a privately owned, public utility engaged in the generation, distribution, and sale of electricity to customers in southeastern Michigan. Defendant Barzo is employed by Edison as a general foreman at the company's Newport Service Center, Newport, Michigan. Plaintiff Smith, a black male, was originally hired by Edison in 1976.

Plaintiff has a work history that is replete with poor work performance, excessive absence, and infractions of company

rules. Smith's poor employment record spans his fourteen years of employment and includes notes of disciplinary action, including unacceptable attendance, attempting to defraud the company by charging meals eaten by others, unauthorized use of a company vehicle, theft, being away from his work location without permission, and poor work performance-leader capacity. Smith was issued discipline regarding his poor work performance, his attendance, and his behavior.[1]

Smith was originally discharged for theft February 10, 1988. However, at his union's pleadings, Edison gave plaintiff another chance; and plaintiff was re-hired as a new (probationary) employee pursuant to a "last chance letter" reached by the parties. Defendants' ex. 12. The letter stated, "Mr. Smith understands his continued employment with The Detroit Edison Company will be dependent upon him [sic] being and remaining a completely acceptable employe [sic] in all respects." *Id.*

Less than four months after his re-hiring, a fact finding meeting was convened in accordance with the collective bargaining agreement to make a decision regarding possible discipline. This resulted in an extension of Smith's probationary period to May 22, 1989.

In March 1990, Edison was prepared to discipline plaintiff regarding property damage to a back yard in Monroe, Michigan. However, because of a storm that hit the area, management felt too much time had lapsed; and the issuance of discipline would no longer be timely. However, plaintiff was aware of the matter and was again warned by management regarding unnecessary damage to customers' property.

On or about September 11, 1990, the City of Trenton complained to Edison about extensive damage to a city jogging trail which was attributed to one or more Edison vehicles. Plaintiff was subsequently dismissed after several fact finding meetings had determined that plaintiff had been the crew leader for that job.

Plaintiff instituted the instant action claiming race discrimination pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; Michigan's Elliot–Larsen Civil Rights Act, Mich.Comp.Laws Ann. § 37.2101 et seq.; and the common law tort of intentional infliction of emotional distress. The court *sua sponte* dismissed the state law claims in its July 12, 1991 order. Thus, all that remains of the instant action is plaintiff's federal race discrimination claim.

## STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted) (quoting Black's Law Dictionary 881 (6th ed. 1979)). The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.,* 749 F.2d 1205, 1210–11 (6th Cir.1984).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley Co.,* 801 F.2d 859, 861 (6th Cir. 1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather,

---

**1.** Plaintiff concedes that these facts are accurate. Plaintiff's resp. at 2.

"the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg,* 801 F.2d at 861.

■ To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986).

There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted). *See Catrett,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed.R.Civ.P. 50(a). *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact. *Lucas v. Leaseway Multi Transp. Serv., Inc.,* 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd,* 929 F.2d 701 (6th Cir.1991).

## ANALYSIS

As set forth by the United States Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and more fully explained in *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), a plaintiff in a Title VII race discrimination case retains the burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff. *Id.* at 253, 101 S.Ct. at 1093–94. In quoting its previous holding in *McDonnell Douglas,* the Court in *Burdine* stated

First, the plaintiff has the burden of proving by the preponderance of the evidence a *prima facie* case of discrimination. Second, if the plaintiff succeeds in proving the *prima facie* case, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection. Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Id.* at 252–53, 101 S.Ct. at 1093 (citations omitted).

■ Plaintiff claims that he was discharged October 3, 1990, because of his race. To prove a *prima facie* case of discrimination, plaintiff must show that he was treated differently from similarly situated white employees. *Shah v. General Elec. Co.,* 816 F.2d 264, 270 (6th Cir.1987). "Absent proof that other employees were similarly situated, it is not possible to raise an inference of discrimination." *Id.; see Reynolds v. Humko Prods.,* 756 F.2d 469, 472 (6th Cir.1985) (plaintiff failed to establish *prima facie* case of discrimination because he did not establish that other employees who "had committed offenses of the same magnitude" were subjected to less discipline). Plaintiff has failed to prove that other employees were similarly situated.

■ Plaintiff contends that summary judgment is inappropriate because discovery is not complete. Plaintiff further alleges that defendants have failed to produce the personnel records of 40 Edison employees identified in plaintiff's request to produce, which was filed April 30, 1992. However, the court's October 28, 1991 scheduling order reads, "ALL *DIS-*

*COVERY* must be completed by April 30, 1992. This Court will not order discovery to take place subsequent to that date."

Defendants objected to the request for the following reasons:

that the request is irrelevant, overbroad, unnecessarily invades the privacy of persons listed, and is unduly burdensome. Further, none of the employes [*sic*] listed were under the supervision of any of Plaintiff's supervisors during Plaintiff's tenure. Further, none of the employes [*sic*] listed worked at Newport Service Center during Plaintiff's tenure. Further[,] Plaintiff's counsel already has the disciplinary records of all of the employes [*sic*] and former employes [*sic*] listed.

Defendant's ex. 22 at 3.

Because plaintiff has failed to prove by the preponderance of evidence a *prima facie* case of race discrimination, defendants are entitled to summary judgment.

The court is compelled to note the deficiencies in plaintiff's response brief. Rule 56(e) provides for the filing of affidavits to oppose a motion for summary judgment. Plaintiff cites three affidavits in his response brief. The first purports to be the affidavit of plaintiff Smith, although it is unsigned. Plaintiff cites a second affidavit, evidently that of plaintiff's co-worker, Eric Roberts. Plaintiff's resp. at 4. However, this affidavit is not included in the material filed. Finally, plaintiff attached the affidavit of co-worker Mike Gibbons. This affidavit was notarized by Y.C. Butler on June 15, 1992. However, this affidavit is unsigned and not dated. The very reason for having a document notarized is to attest to a true signature. The court is shocked by the notary's flagrant violation of his/her duties.

### ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED that defendants' motion for summary judgment is GRANTED.